# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. BRYANT, | ) | CASE NO. 1:07 CV 2314 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Magistrate Judge William H. Baughman, Jr's. Report and Recommendations. The Report and Recommendations (ECF # 19, 25) are hereby ADOPTED by this Court.

## Procedural and Factual Background

On May 16, 2003, Plaintiff, Michael Bryant, filed applications with the Social Security Administration for disability insurance benefits and supplemental security income, alleging disability since April 15, 2003 due to heart and leg problems. Plaintiff's applications for benefits were denied by an administrative law judge (ALJ) on March 23, 2006. The ALJ's decision became final upon denial of review by the Appeals Council in June 2007.

On July 30, 2007, Plaintiff filed a timely Complaint with this Court, seeking judicial review of Defendant's denial of his application for disability benefits. Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Baughman for the preparation of a report and recommendation.

In his initial Report and Recommendation, filed on October 31, 2008, Magistrate Judge Baughman reached several conclusions. First, he concluded that "the ALJ committed harmless

error in failing to identify in his decision and discuss the weight to be given to the residual functional capacity evaluation of the state agency reviewing the decision." (ECF # 19 at 2.) The Magistrate Judge further concluded, however, that "the ALJ did not properly consider and articulate upon Bryant's blackout spells (syncope) in assessing Bryant's credibility. . . ." (*Id.* at 2-3.) As such, the Magistrate Judge recommended reversal of the Commissioner's decision on Mr. Bryant's application and a limited remand for reconsideration of the credibility of Mr. Bryant's allegations with regard to the intensity, persistence, and functionally limiting effects of his blackout spells/syncope. (*Id.* at 3, 9.)

On November 4, 2008, Plaintiff filed a Request to Clarify the Magistrate Judge's Report and Recommendation. (ECF # 20.) In the Request, Plaintiff urged the Court to "clarify the scope of the 'limited' remand." (*Id.* at 1.) More specifically, the Request states that "[t]he remand should specify a re-adjudication of the credibility issue, without foreclosing other issues that the Appeals Council or ALJ finds necessary to a complete and accurate adjudication." (*Id.* at 3.)

On November 19, 2008, Defendant filed Combined Objections to the Magistrate Judge's Report and Recommendation and Response to Plaintiff's Request to Clarify. (ECF # 24.) In doing so, Defendant makes two objections to the Report and Recommendation. (*Id.* at 1-4.) First, Defendant objects to the Magistrate Judge's conclusion that the ALJ's evaluation of Mr. Bryant's syncope was insufficient to provide meaningful appellate review. (*Id.* at 1.) Defendant argues that, because the ALJ's findings were properly grounded in the evidence of record, his decision is entitled to deference and should be upheld. (*Id.* at 2.) Second, Defendant objects to the Magistrate Judge's finding that the ALJ's determination of Mr. Bryant's residual functional

2

capacity must be determined solely from the objective medical evidence. (*Id.* at 3.) Stated differently, Defendant objects to the Report and Recommendation "to the extent that it asserts that an ALJ is limited to the medical evidence, and must defer to a medical source opinion, in determining a claimant's residual functional capacity." (*Id.*) Defendant maintains that the ALJ could reasonably conclude from the record evidence, including both the medical evidence and Mr. Bryant's testimony, that Mr. Bryant could perform a medium range of work. (*Id.* at 4.)

In response to Plaintiff's Request to Clarify, Defendant argues that the Report and Recommendation does not need clarification, as "the Agency does not require a mandate from the Court to consider other issues necessary to resolving Mr. Bryant's claim." (*Id.*) This Court issued an Order referring the case to Magistrate Judge Baughman for a Report and Recommendation on Plaintiff's Request to Clarify. (ECF # 22.) On November 24, 2008, Magistrate Judge Baughman issued a Report and Recommendation on Plaintiff's Request to Clarify. (ECF # 25.)

The Report and Recommendation provides:

It appears that under the law of the Sixth Circuit, upon remand of an application from a federal court, an ALJ may consider:

> [a]ny issues relating to . . . your claim . . . whether or not they were raised in the administrative proceedings in your case." Consistent with that law, the report and recommendation is modified to make clear that on remand the ALJ may consider any issue necessary to the full and fair evaluation of Bryant's application.

(*Id.* at 2. (footnote omitted).)

This Court herein reviews the Report and Recommendations, and Defendant's Objections.

3

## Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. *See Ivy v. Secretary of Health and Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992).

It is important to note that the standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ and the Appeals Council, is limited to whether that decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

This Court has reviewed the Report and Recommendations in this case de novo and has considered all of the pleadings, transcripts, affidavits, motions, and filings of the parties. Further, this Court has reviewed the ALJ's findings in Plaintiff's administrative proceedings and the Appeals Council's decision under the substantial evidence standard. After careful evaluation of the record, the Report and Recommendations, and Defendant's Objections, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Because the Court finds that a remand for reconsideration of the credibility of Mr. Bryant's allegations with regard to the intensity, persistence, and functionally limiting effects of his blackout spells/syncope is warranted, Defendant's objections to the same are OVERRULED. The Court further adopts the recommendation of the Magistrate Judge that, on remand, the ALJ may consider any issue necessary to the full and fair evaluation of Plaintiff's application.

Based on the foregoing, the Report and Recommendations of Magistrate Judge Baughman (ECF # 19, 25) are hereby ADOPTED, Defendant's Objections (ECF # 24) are OVERRULED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. This case is TERMINATED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _December 16, 2008_